French, J.,
concurring in part and dissenting in part.
{¶ 38} I join the majority’s opinion, except in its conclusion that a sentencing court must always recite its findings at the sentencing hearing and then again in the sentencing entry. In my view, a sentencing court can satisfy R.C. 2929.14(C)(4) by making the findings in the sentencing entry, or at the sentencing hearing, or through a combination of both, so long as the record clearly and convincingly shows that it has done so. No statute requires the sentencing court to make the findings at the sentencing hearing and then again in its sentencing entry. Instead, an appellate court may reverse a sentence for failure to make the R.C. 2929.14(C)(4) findings if the “record, including the findings underlying the sentence,” R.C. 2953.08(G)(2), clearly and convincingly shows that the sentence was “contrary to law,” R.C. 2953.08(G)(2)(b). While a court enters judgment only through its journal entries, it can make sentencing findings elsewhere. Since the General Assembly has given sentencing courts flexibility as to where they must “note that [they] engaged in the analysis” required by R.C. 2929.14(C)(4), see State v. Edmonson, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999), I see no basis for inserting a sentencing-hearing or sentencing-entry requirement where the General Assembly has not.
Kennedy, J., concurs in the foregoing opinion.